Tyson C. Horrocks (12557)
Patrick R. Charest (17184)
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
tchorrocks@hollandhart.com
PRCharest@hollandhart.com

*Attorneys for Plaintiffs Innovasis, Inc. and Brent A. Felix*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **INNOVASIS, INC.,** a Utah corporation, and **BRENT A. FELIX,** an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **MICHAEL FRANCIS ENGLISH,** an individual, and **RICARDO FONTG**, an individual, and **DOES 1-10**, <br><br> Defendants. | **FIRST AMENDED COMPLAINT** <br><br> Civil No. 2:26-cv-00511-DBP <br><br> Judge Dustin B. Pead |

Plaintiffs Innovasis, Inc. ("Innovasis") and Brent A. Felix ("Felix") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this First Amended Complaint against Defendants Michael Francis English ("English"), Ricardo Fontg ("Fontg"), and DOES 1-10 (collectively, "Defendants"), and allege as follows:

### PARTIES

1.      Plaintiff Innovasis, Inc. is a privately held Utah corporation with its principal place of business in Salt Lake City, Utah. Innovasis manufactures, markets, and sells medical devices, equipment, and related products primarily used in spinal surgeries.

2.    Plaintiff Brent A. Felix is an individual residing in Sandy, Utah. Felix founded Innovasis in 2002 and has served in various leadership roles, including as President, Chief Executive Officer, and Chairman of the Board.

3.    Defendant Michael Francis English is an individual believed to reside at 4358 Outlook Ridge Trail, Colorado Springs, Colorado 80924. English is a citizen of the State of Colorado.

4.    Defendant Ricardo Fontg is an individual believed to reside at 3400 W. 85th St., Leawood, Kansas. Fontg is a citizen of the State of Kansas.

5.    The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs. Plaintiffs will amend this Complaint to state their true names and capacities when ascertained.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship). The matter in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of the State of Utah. Defendant English is a citizen of the State of Colorado. Defendant Fontg is a citizen of the State of Kansas. Complete diversity exists between all Plaintiffs and all Defendants.

7.    This Court has personal jurisdiction over Defendants. English was employed by and served as President of Innovasis, a Utah corporation, transacted business in Utah, and directed the conduct giving rise to the claims at a Utah corporation. Fontg served as retained counsel to Innovasis, a Utah corporation, purposefully directed his professional services toward a Utah client, and the claims against him arise out of and relate to that Utah-directed representation.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the entirety of Innovasis' operations and the performance and breach of the Settlement Agreement.

## BACKGROUND

9.      English served as President of Innovasis from approximately January 2017 through May 31, 2019. In that role, English had extensive access to Innovasis' confidential and proprietary information, including customer and surgeon relationship data, pricing and billing strategies, sales methodologies, product development information, manufacturing processes, business methods, legal strategies, compliance documentation, physician agreements, internal financial information, and attorney-client privileged communications (collectively, "Confidential Information").

10.     Fontg served as retained general counsel for Innovasis during English's tenure as President. In that capacity, Fontg had access to Innovasis' Confidential Information.

11.     As retained counsel, Fontg owed Innovasis fiduciary duties of loyalty, confidentiality, and independent professional judgment arising from the attorney-client relationship. Fontg's duty of confidentiality to Innovasis survives the termination of the attorney-client relationship.

12.     On April 10, 2023, Innovasis filed suit against English and Curiteva, Inc. in this Court, Case No. 2:23-cv-00228 (the "Prior Lawsuit").

13.     In February 2025, Innovasis and English entered into a Confidential Settlement Agreement and Release (the "Settlement Agreement") resolving the Prior Lawsuit. The Settlement Agreement became effective on or about February 27, 2025 (the "Effective Date").

14. The Settlement Agreement required the parties to return or destroy, and not retain, all confidential information relating to the Prior Lawsuit.

15. The stipulation of dismissal was filed on or about February 28, 2025.

## QUI TAM ACTION AND BREACH OF SEAL NOTICE

16. On October 15, 2019, Robert Richardson filed a *qui tam* action under seal in the United States District Court for the Northern District of Texas, Dallas Division, captioned *United States ex rel. Richardson v. Innovasis, Inc.*, Civil Action No. 3:19-CV-02440-X.

17. On January 22, 2020, the United States filed, under seal, a Notice Concerning a Breach of Seal in the *qui tam* action captioned *United States ex rel. Richardson v. Innovasis, Inc.*, Civil Action No. 3:19-CV-02440-X (the "Breach of Seal Notice"). The Breach of Seal Notice remained under seal and was not provided to Innovasis until on or about May 29, 2024.

18. The Breach of Seal Notice states that the seal was breached because the relator's counsel disclosed the existence and a copy of the sealed *qui tam* complaint to a "cooperating witness," anonymously referenced in the *qui tam* complaint as the most comprehensive source of the detail contained therein, and to that witness's previous counsel.

19. Upon information and belief, the "cooperating witness" was English and the witness' "previous counsel" was Fontg.

20. Upon information and belief, the Breach of Seal Notice reflects that English and Fontg were working together in connection with the *qui tam* action, including conspiring to improperly disclose Innovasis' Confidential Information.

21. Because the Breach of Seal Notice was maintained under seal from January 22, 2020 until May 29, 2024, Innovasis did not learn, and in the exercise of reasonable diligence could

not have learned, of the facts disclosed therein, including Fontg's disclosure of Innovasis' Confidential Information, until it received the document in May 2025.

22.    Upon information and belief, English received a financial benefit as part of the *qui tam* action, including a share of the relator's recovery, derived from his provision and use of Innovasis' Confidential Information.

## ENGLISH'S POST-EFFECTIVE DATE CONDUCT

23.    Upon information and belief, following the execution of the Settlement Agreement, English continued to use and disclose Innovasis' Confidential Information, including customer and surgeon relationship data, pricing strategies, product development information, and proprietary business methods, for his personal benefit and the benefit of competing entities, and in a manner inconsistent with his obligations under the Settlement Agreement. English's continued use and disclosure of this information demonstrates that he retained Innovasis' Confidential Information notwithstanding his obligation to return or destroy it.

24.    Upon information and belief, since the Effective Date, English has used Innovasis' customer and surgeon relationship data to solicit or divert Innovasis' business relationships to himself and entities in which he has an interest.

25.    Upon information and belief, since the Effective Date, English has used Innovasis' pricing and billing strategies to compete against Innovasis and benefit himself.

26.    Upon information and belief, since the Effective Date, English has used Innovasis' product development information and manufacturing processes to benefit competing entities in the medical device industry.

27.    Upon information and belief, since the Effective Date, English has used Innovasis' proprietary sales methodologies and business methods to gain competitive advantages that he could not have obtained independently.

28.    English's use of this Confidential Information after the Effective Date demonstrates, upon information and belief, that English retained and utilized Innovasis' Confidential Information notwithstanding his obligations under the Settlement Agreement.

## FONTG'S CONDUCT

29.    Upon information and belief, Fontg disclosed Innovasis' Confidential Information, which he obtained during his tenure as Innovasis' retained counsel, to unknown third parties, including English, to use against Innovasis in the *qui tam* action. Fontg's disclosures were made without Innovasis' knowledge or consent and in violation of his continuing duty to protect his former client's confidences.

30.    Upon information and belief, both before and after the Effective Date, Fontg has disclosed Innovasis' Confidential Information, which he obtained during his tenure as Innovasis' retained counsel, to English and/or competing entities.

31.    Upon information and belief, Fontg has provided English, and possibly others, with access to, or assisted English and others in the use of, Innovasis' Confidential Information that Fontg obtained during his service as Innovasis' retained general counsel.

32.    Upon information and belief, Fontg has facilitated and/or assisted in English's competitive use of Innovasis' Confidential Information in violation of Fontg's continuing fiduciary duties owed to Innovasis.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**
**(Against English)**

33.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

34.     The Settlement Agreement is a valid and enforceable contract between Innovasis and English, supported by adequate consideration.

35.     The Settlement Agreement required English to return or destroy, and not retain, all confidential information relating to the Prior Lawsuit.

36.     Upon information and belief, English has breached the Settlement Agreement by retaining and using Innovasis' Confidential Information.

37.     English's continued use of that information for competitive purposes after the Effective Date demonstrates that he retained it in violation of his obligations under the Agreement.

38.     English's retention and use of Innovasis' Confidential Information is ongoing and, unless enjoined, will continue to cause Innovasis irreparable harm for which there is no adequate remedy at law.

39.     As a direct and proximate result of English's breaches, Plaintiffs have suffered damages including but not limited to loss of business relationships, loss of competitive advantage, and attorneys' fees incurred in enforcing the Settlement Agreement, in an amount to be proven at trial.

40.     Plaintiffs seek injunctive relief pursuant to the Settlement Agreement's express carve-out permitting provisional relief from a court of competent jurisdiction.

## SECOND CAUSE OF ACTION
### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)
### (Against English)

41.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

42.    The Settlement Agreement is a valid and enforceable contract between Innovasis and English, supported by adequate consideration.

43.    Under Utah law, an implied covenant of good faith and fair dealing inheres in the Settlement Agreement, obligating each party to act consistently with the agreed common purpose of the contract and the justified expectations of the other party.

44.    The fundamental purpose of the Settlement Agreement was to allow the parties to buy peace and resolve their disputes, on the mutual understanding that neither party would retain or use the other's confidential or proprietary information against it following the resolution of the Prior Lawsuit.

45.    English breached the implied covenant by retaining and using Innovasis' Confidential Information to compete against Innovasis and for his own benefit after the Effective Date, thereby destroying the peace and protection that were the central benefit Innovasis bargained for in entering the Settlement Agreement.

46.    English's conduct contravened Innovasis' justified expectations and deprived Innovasis of the benefit of its bargain, namely the assurance that English would not exploit Innovasis' Confidential Information against it after settlement.

47.    As a direct and proximate result of English's breach of the implied covenant of good faith and fair dealing, Innovasis has suffered damages in an amount to be proven at trial.

- 8 -

## THIRD CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)
### (Against Fontg)

48. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

49. As retained counsel for Innovasis, Fontg owed Innovasis fiduciary duties of loyalty, confidentiality, and independent professional judgment arising from the attorney-client relationship.

50. Fontg's duty of confidentiality to Innovasis as a former client survives the termination of the attorney-client relationship.

51. Upon information and belief, Fontg breached his fiduciary duty of confidentiality by disclosing, or facilitating the disclosure of, Innovasis' Confidential Information without authorization, including in connection with the *qui tam* action and as described in the Breach of Seal Notice.

52. Upon information and belief, Fontg has also disclosed Innovasis' Confidential Information to English and/or competing entities.

53. Upon information and belief, Fontg has facilitated English's unauthorized use of Innovasis' Confidential Information by providing English with access to information that Fontg obtained during his service as Innovasis' retained counsel.

54. As a direct and proximate result of Fontg's breaches of fiduciary duty, Innovasis has suffered and continues to suffer damages in an amount to be proven at trial, including loss of competitive advantage, loss of business relationships, and diminished value of its Confidential Information.

55.     Innovasis did not discover, and in the exercise of reasonable diligence could not have discovered, the facts giving rise to its claim against Fontg until it received the Breach of Seal Notice in May 29, 2024. Because the relevant conduct was concealed from Innovasis and the operative document was under seal, Innovasis had no reason to know of, and no means of discovering, its claim earlier, and the applicable limitations period was tolled until Innovasis' discovery in 2025.

## FOURTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)
### (Against English and Fontg)

56.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

57.     Upon information and belief, Fontg and English conspired to obtain Innovasis' Confidential Information through improper means, including but not limited to Fontg's breach of the fiduciary duties he owed to Innovasis.

58.     Upon information and belief, English and Fontg have acted in combination and pursuant to a common plan to misuse Innovasis' Confidential Information for competitive purposes and to their own financial benefit.

59.     Upon information and belief, English and Fontg agreed to accomplish the object of using Innovasis' Confidential Information—obtained through their respective positions of trust with the company—to benefit competing entities at Innovasis' expense.

60.     In furtherance of this conspiracy, upon information and belief, Fontg disclosed or provided access to Innovasis' Confidential Information obtained as a result of his position of trust at Innovasis, and English used that information to compete against Innovasis and interfere with its business relationships.

61.     As a result of Defendants' conspiratorial conduct, Innovasis has suffered damages in an amount to be proven at trial. English and Fontg are jointly and severally liable for all damages caused by their concerted tortious conduct.

## FIFTH CAUSE OF ACTION
### (INTENTIONAL INTERFERENCE WITH EXISTING BUSINESS RELATIONS)
### (Against English and Fontg)

62.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

63.     At all relevant times, Innovasis maintained existing economic relationships with its customers, surgeons, distributors, and business partners.

64.     English and Fontg each had knowledge of Innovasis' existing business relationships by virtue of their prior positions with the company.

65.     Upon information and belief, since the Effective Date, Fontg has intentionally interfered with Innovasis' existing business relationships by providing English and/or competing entities with Innovasis' Confidential Information that enabled the solicitation or diversion of Innovasis' customers and business partners.

66.     Upon information and belief, since the Effective Date, English has intentionally interfered with Innovasis' existing business relationships by using Innovasis' Confidential Information, including customer and surgeon relationship data, to solicit, divert, or damage those relationships for the benefit of competing entities, that he obtained, at least in part, through Fontg's breach of the fiduciary duties he owed to Innovasis.

67.     Defendants' interference was improper because it was accomplished through the unauthorized use of Innovasis' Confidential Information which was obtained, at least in part,

34603082_v1

through Fontg's breaches of the fiduciary duties he owed to Innovasis and Defendants' conspiracy to use this improperly obtained information for their personal benefit.

68.     As a direct and proximate result of Defendants' intentional interference, Innovasis has suffered damages including lost business, lost customers, and lost revenue, in an amount to be proven at trial. This claim is timely because it arises from post-Effective Date conduct in 2025 and is well within the applicable limitations period.

## SIXTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)
### (Against English)

69.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

70.     Upon information and belief, English misappropriated Innovasis' Confidential Information and provided that information to the relator in the *qui tam* action captioned *United States ex rel. Richardson v. Innovasis, Inc.*, Civil Action No. 3:19-CV-02440-X.

71.     Upon information and belief, English was the cooperating witness and the most comprehensive source of the information underlying the *qui tam* action.

72.     Upon information and belief, English was not a bona fide whistleblower but was an architect of the conduct underlying the *qui tam* action who exploited that conduct, and Innovasis' Confidential Information, for his own personal financial gain.

73.     Upon information and belief, English received a financial benefit, including a share of the relator's recovery, derived from his provision and use of Innovasis' Confidential Information.

74.     English's receipt and retention of these benefits is unjust and inequitable because they were obtained through the unauthorized use of Innovasis' Confidential Information and property, without Innovasis' consent.

75.     Plaintiffs are entitled to restitution and disgorgement of all benefits English received that are traceable to his misuse of Innovasis' Confidential Information, and to the imposition of a constructive trust on all such benefits in English's possession or control.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

1.     On Count I, an award of compensatory damages against English for breach of the Settlement Agreement in an amount to be proven at trial;

2.     On Count II, an award of compensatory damages against English for breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial;

3.     On Count III, an award of compensatory damages against Fontg for breach of fiduciary duty in an amount to be proven at trial;

4.     On Count IV, an award of compensatory damages against English and Fontg, jointly and severally, for civil conspiracy in an amount to be proven at trial;

5.     On Count V, an award of compensatory damages against English and Fontg, jointly and severally, for intentional interference with existing business relations in an amount to be proven at trial;

6.     On Count VI, restitution and disgorgement of all benefits English received that are traceable to his misuse of Innovasis' Confidential Information, and imposition of a constructive trust on all such benefits;

- 13 -

7. Injunctive relief prohibiting Defendants from further use, disclosure, or dissemination of Innovasis' Confidential Information;

8. On all Counts, an award of prejudgment and post-judgment interest at the applicable legal rate;

9. On all Counts, an award of costs and attorneys' fees to the extent permitted by law or contract; and

10. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

DATED this 22nd day of June, 2026.

**HOLLAND & HART, LLP**

*/s/ Patrick R. Charest*
Tyson C. Horrocks
Patrick Charest

*Attorneys for Plaintiffs*

**Plaintiffs' Address**
c/o Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101

38044382_v7